IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHINGY MUSIC, et al.,

      Plaintiffs,

vs.

THE ROADHOUSE, LLC,
MICHAEL ANTHONY BRIGGS, and
MICHAEL FRANCIS RAGUSA,

      Defendants.
_____/

No. CIV S-08-0916 JAM EFB

FINDINGS & RECOMMENDATIONS

      Previously pending on this court's law and motion calendar for September 17, 2008, was plaintiffs' motion for entry of default judgment. Plaintiffs were represented by Forrest A. Plant, Jr. Defendants did not appear. This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1). Upon review of the motion, supporting documents, and plaintiffs' oral argument, and good cause appearing, the court now issues the following findings and recommendations.

BACKGROUND

      This case is proceeding on the complaint filed April 30, 2008, alleging copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq*., based on four instances of defendants' alleged

////

////

1

public performance[1] of copyrighted musical compositions.  This action is brought on behalf of plaintiffs by the American Society of Composers, Authors and Publishers ("ASCAP").

"To establish infringement, two elements must be proven:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).  "Schedule A" of the complaint lists four musical compositions, their writers, dates of publication, and certificates of registration with ASCAP pursuant to Title 17; each composition designates one or two plaintiff(s) ("owners of the copyrights" and predecessors in interest), and the alleged "date of known infringement" by defendants.  The individual defendants are the owners and managers of defendant Roadhouse, which offers public accommodation, refreshment and entertainment.  The complaint alleges that defendants knowingly permitted the unauthorized public performance of the compositions *Balla Baby, Locked Up, Love in an Elevator*, and *Enter Sandman*,[2] without first obtaining the requisite permission or license from plaintiffs or ASCAP.

Jurisdiction is premised upon 28 U.S.C. § 1338(a) ("[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . copyrights and trademarks. . ."). The complaint seeks permanent injunctive relief, statutory damages in the amount of $20,000 ($5,000 per infringement), fees ($750) and costs ($457.70).

////

---

[1] "To perform or display a work 'publicly' means – (1) to perform or display it at a place open to the public or at any place where a substantial number of persons outside of a normal circle of a family and its social acquaintances is gathered; or (2) to transmit or otherwise communicate a performance or display of the work to a place specified by clause (1) or to the public, by means of any device or process, whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times."  17 U.S.C § 101.

[2] The supporting declarations demonstrate that these compositions were performed as follows: *Balla Baby,* performed the evening of March 22, 2008; *Locked Up,* performed the morning of March 22, 2008; *Love in an Elevator,* performed the evening of September 14, 2007; and *Enter Sandman,* performed the evening of September 15, 2008.  Jones Decl., Exh. B; Supp. Plant Decl.

These claims for relief, fees and costs are again set forth in plaintiffs' motion of default judgment.

Defendants were each served with the summons and complaint on May 16, 2008.[3] *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir.1985) (default judgment void without personal jurisdiction). Defendants failed to file an answer or otherwise appear in this action. The Clerk entered default against each defendant on July 8, 2008.

Plaintiff now moves for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Clerk's entry of default against defendants effects their admission of the factual allegations of the complaint, except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The court finds that the well pleaded allegations of the complaint state a claim for which relief can be granted. *Anderson v. Air West*, 542 F.2d 1090, 1093 (9th Cir. 1976).

It remains within the sound discretion of the district court to grant a default judgment pursuant to Fed. R. Civ. P. 55(b). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court must consider the following factors:

////

---

[3] *See* Returns of Service filed May 29, 2008:  (1) Personal service upon defendant Michael Anthony Briggs on May 16, 2008, complies with the requirements of Fed. R. Civ. P. 4(e)(2)(A) (Dckt. No. 5);  (2) Substituted service upon defendant Michael Francis Ragusa, by personally serving "Agent for Service" Michael Briggs on May 16, 2008, followed by mailing, complies with Fed. R. Civ. P. 4(e)(2)(C) and Cal. Code Civil Code §415.20(a) (Dckt. No. 4); and (3) Service upon defendant Roadhouse by personal service upon "Agent for Service" Michael Briggs on May 16, 2008, complies with Fed. R. Civ. P. 4(h)(1)(A) and Cal. Code Civil Code § 416.10(a) (corporation) (Dckt. No. 6).

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action, (5) the possibility of a
> dispute concerning the material facts, (6) whether the default was
> due to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

DISCUSSION

  A. <u>Entry of Default Judgment</u>

  Application of the *Eitel* factors supports entry of default judgment. All but the last factor weigh in plaintiffs' favor. Plaintiffs would be prejudiced if default judgment were not granted because they would be denied the right to judicial resolution of their claims. Plaintiffs have demonstrated the merit of their claims based on the well pled, and unopposed, factual allegations of the complaint. There is no possibility of a dispute concerning material facts because defendants have declined the opportunity to answer the complaint or challenge the motion for default judgment. There is no indication that defendants' default was due to excusable neglect. The sum of money at stake is relatively modest and there is precedent for granting the requested injunctive relief. Only the seventh *Eitel* factor weighs against granting the motion for default judgment. However, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible," and this policy will not preclude entry of default judgment. *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, on balance, application of the *Eitel* factors weighs in favor of granting plaintiff's motion for entry of default judgment, which this court will recommend.

  B. <u>Remedies</u>

   1. <u>Statutory Damages</u>

  "Under the copyright laws of the United States . . .'an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c).' 17 U.S.C.

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action, (5) the possibility of a
> dispute concerning the material facts, (6) whether the default was
> due to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

DISCUSSION

  A. Entry of Default Judgment

  Application of the *Eitel* factors supports entry of default judgment. All but the last factor weigh in plaintiffs' favor. Plaintiffs would be prejudiced if default judgment were not granted because they would be denied the right to judicial resolution of their claims. Plaintiffs have demonstrated the merit of their claims based on the well pled, and unopposed, factual allegations of the complaint. There is no possibility of a dispute concerning material facts because defendants have declined the opportunity to answer the complaint or challenge the motion for default judgment. There is no indication that defendants' default was due to excusable neglect. The sum of money at stake is relatively modest and there is precedent for granting the requested injunctive relief. Only the seventh *Eitel* factor weighs against granting the motion for default judgment. However, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible," and this policy will not preclude entry of default judgment. *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, on balance, application of the *Eitel* factors weighs in favor of granting plaintiff's motion for entry of default judgment, which this court will recommend.

  B. Remedies

   1. Statutory Damages

  "Under the copyright laws of the United States . . .'an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c).' 17 U.S.C.

§ 504(a). For statutory damages, 'the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $ 30,000 as the court considers just.' 17 U.S.C. § 504(c)(1). The minimum of $750 per work infringement may be decreased by the court's discretion [to no less than $200] if it finds the infringer was unaware and had no reason to believe that 'his or her act constituted an infringement of copyright.' *See* 17 U.S.C. § 504(c)(2). However, there is a presumption that infringements are committed willfully when determining relief for a violation. *See* 17 U.S.C. § 504(c)(3)(A)." *Elektra, supra*, 226 F.R.D. at 394.

Pursuant to 17 U.S.C. § 504(c) (2), a court may increase the award of statutory damages up to $150,000 per infringement where an infringer's conduct is found to be willful. The rationale is as follows: "[A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). " 'Statutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages.' *Jackson v. Sturkie*, 255 F. Supp.2d 1096, 1101 (N. D. Cal. 2003)." *Bertram Music Co. v. Yeager Holdings of California, Inc*., 2008 WL 2055480, *2 (E.D. Cal. 2008).

Here, plaintiffs seek $5000 for each alleged act of infringement, for a total of $20,000. This amount is reasonable, particularly in light of the evidence submitted by plaintiffs demonstrating that defendants' infringing conduct was intentional. Although defendants were accorded repeated notice, prior to commencement of this action, that their conduct was infringing, defendants continued to operate without an ASCAP license and to publically perform music copyrighted by ASCAP. *See* Jones Decl. at ¶¶ 6, 7, and 10.[4] Accordingly, the court finds an award of statutory damages in the amount of $5000 per infringement, for a total amount of $20,000, both reasonable and just.

### 2. Injunctive Relief

The district courts are authorized to grant temporary and final injunctions as may be "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).[5] Plaintiffs seek a permanent injunction prohibiting defendants from performing, without prior authorization, both the challenged compositions and any music copyright licensed by ASCAP. "If liability is established and a continuing threat to the copyright exists, courts have usually granted permanent injunctions." *Pedrosillo Music, Inc. v. Radio Musical, Inc.*, 815 F. Supp. 511, 516 (D. P.R. 1993) (citations omitted); *see also*, *Jasperilla Music Co., M.C.A., Inc. v. Wing's*

---

[4] Douglas Jones, ASCAP "Manager of Litigation Services for General Licensing," has submitted several letters, commencing 2005, from ASCAP to Roadhouse seeking the latter's licensing. Jones Decl., Exh. A.

[5] 17 U.S.C. § 502 provides in full:

(a) Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

(b) Any such injunction may be served anywhere in the United States on the person enjoined; it shall be operative throughout the United States and shall be enforceable, by proceedings in contempt or otherwise, by any United States court having jurisdiction of that person. The clerk of the court granting the injunction shall, when requested by any other court in which enforcement of the injunction is sought, transmit promptly to the other court a certified copy of all the papers in the case on file in such clerk's office.

1  *Lounge Ass'n.*, 837 F. Supp. 159, 161 (S.D.W.Va. 1993) ("A permanent injunction is especially
2  appropriate where a threat of continuing infringement exists").

3  Although ASCAP is not a plaintiff herein, district courts have recognized that plaintiffs
4  in this type of action represent all ASCAP members. *See, e.g., Pedrosillo Music*, *supra*, 815 F.
5  Supp. at 516 ("To prevent continued violations of the copyrights of ASCAP members, several
6  courts have recently recognized that injunctions of larger scope may be appropriate, and have
7  entered orders prohibiting defendants from performing any musical composition licensed
8  through ASCAP") (citations omitted); *accord, Odnil Music Ltd. v. Katharsis LLC*, 2006 WL
9  2545869, *7 (¶ 20) (E.D. Cal. 2006); *Girlsongs v. Haddock*, 2008 WL 905221, * 3, 5 (E.D. Cal.
10 2008); *Bertram Music Co. v. Yeager Holdings of California, Inc.*, 2008 WL 2055480, *2 (E.D.
11 Cal. 2008).

12 Here, plaintiffs have established defendants' liability for copyright infringement and
13 demonstrated defendants' indifference to their infringing conduct. Accordingly, the court finds
14 the requested permanent injunctive relief to be appropriate.

15         3. <u>Fees and Costs</u>

16 Plaintiffs seek attorney fees in the amount of $750, representing three hours of attorney
17 services at the hourly rate of $250, and costs in the amount of $457.70. Plaintiffs' counsel has
18 filed a supporting declaration setting forth the details of the tasks he completed and costs
19 incurred. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full
20 costs" and "may also award a reasonable attorney's fee to the prevailing party as part of the
21 costs." *See also, Elektra, supra*, 226 F.R.D. at 394-395 (costs awarded on motion for default
22 judgment in copyright infringement action).

23 Plaintiffs' costs and fees are minimal and well supported. Accordingly, the court finds
24 reasonable a total award of $1207.70 in fees and costs.

25 ////
26 ////

CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion for default judgment against all defendants be GRANTED;

2. Plaintiffs be AWARDED statutory damages, pursuant to 17 U.S.C. § 504(a)(2) and (c), in the amount of $20,000.00, which represents $5,000.00 for each of the four alleged infringements;

3. Plaintiffs be GRANTED the following permanent injunction, pursuant to 17 U.S.C. § 502: Defendants, and all persons acting under the direction, control, permission or authority of defendants, SHALL BE AND HEREBY ARE ENJOINED from directly or indirectly infringing plaintiffs' rights in their copyrighted compositions, including, without limitation, by publicly performing any compositions licensed by ASCAP; and

4. Plaintiffs be AWARDED, pursuant to 17 U.S.C. § 505, attorney fees in the amount of $750, and costs in the amount of $457.70.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE